IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANINDO DEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:17-cv-05528 |
| V. ) | |
| ) | |
| ) | JURY DEMAND |
| INNODATA INC., ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, ANINDO DEY (hereinafter "Dey" or "Plaintiff"), by and through his attorneys, Blaise & Nitschke, P.C., and complains against INNODATA INC. (hereinafter "Innodata" or "Defendant"). In furtherance whereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. Plaintiff filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") for the matters herein alleged. *See* Charge of Discrimination, attached hereto and incorporated herein as Exhibit A.

2. On or about November 30, 2016, the EEOC Office of Chicago transferred the charge to the EEOC office in New Jersey.

3. The charge of discrimination resulted in the EEOC issuing Plaintiff a so-called Right to Sue Letter on May 2, 2017, which was received by Plaintiff on May 8, 2017. Pursuant to Title VII, of the Civil Rights Act of 1964, Plaintiff has ninety (90) days from the day of receipt of said Right to Sue Letter in which to file suit. This Complaint was filed within the ninety-day window.

4.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*., and the Civil Rights Act of 1991; the Americans with Disabilities Act, 1990, 42 U.S.C.§12101, *et seq.* ("ADA"); the 775 ILCS 5/ Illinois Human Rights Act; and the Whistleblower Act, 740 ILCS 174/.

5.     This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States;

   b. 28 U.S.C. §1343(a) (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

   c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

6.     Venue is appropriate in this judicial district under 28 U.S.C. §1391 (b) because the events that gave rise to Plaintiff's claims occurred principally within this district.

7.     Moreover, this Court has Diversity Jurisdiction under 28 U.S.C. §1332 (a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00.

**PARTIES**

8.     Plaintiff, ANINDO DEY, is an individual, and at all times mentioned in this Complaint, was domiciled in Buffalo Grove, Illinois. Plaintiff is of Asian Ethnicity with Indian Origin. At all times relevant hereto, Plaintiff was an employee of Defendant.

9.     Defendant, INNODATA INC., is a Delaware Corporation registered to conduct business in the State of Illinois and maintains a registered agent for service of process in the State of Illinois, namely CT Corporation System, 208 South LaSalle Street, Suite 814, Cook

County, Chicago, Illinois 60604. *See* Corporation File Detail Report for INNODATA INC., attached hereto and incorporated herein as Exhibit B.

10. Defendant had actual and/or constructive knowledge of the acts its employee(s) described herein, and ratified, approved, joined in, acquiesced in, and/or authorized such conduct by its employees. Defendant's employees were acting in the course and/or scope of their employment with Defendant in committing the conduct described herein. As a result, Defendant should be held liable for the actions and/or omissions complained of herein on a *respondeat superior* theory of liability.

## STATEMENT OF FACTS

11. Plaintiff Dey was employed with Innodata in July 2013 as a Vice President of Business Development in Noida, India. At the specific request and invitation of Jack Abuhoff ("Abuhoff"), Innodata's Chairman and Chief Executive Officer, Dey moved to the United States.

12. Defendant Innodata is a services company providing content solutions, data analytics and related services to publishers, information providers, and enterprises.

13. On or about February 2016, Innodata sponsored Dey's move to the United States and changed his title to Client Partner, during which time he worked both in the field and out of a home office located in Illinois, and reported to Innodata's headquarters in Hackensack, New Jersey.

14. At all relevant times complained of herein, Dey exercised reasonable judgment and performed on par with or above his counterparts during his time with Innodata.

15. At all relevant times complained of herein, Dey reported to Lisa Indovino ("Indovino"), Senior Vice President, Digital Data Solutions at Innodata.

16. Dey is of Asian ethnicity and Indian Origin.

17. At all relevant times complained of herein, Dey has been subjected to a hostile work environment and a work culture of discrimination based on his national origin, color, and/or race.

18. Indovino subjected Dey to a campaign of harassment, an intimidating and threatening work environment, and verbal and racial abuse upon his relocation to the United States, as outlined below.

19. On or about September 12, 2016, Dey reported Indovino's discriminatory behavior to Abuhoff via email in an attempt to eliminate the hostile work environment created by Indovino. *See* Email dated September 12, 2016, attached hereto and incorporated herein as Exhibit C.

20. In the email dated September 12, 2016, Dey recounted instances wherein Indovino's discriminatory and harassing nature were directed towards him, including but not limited to, verbally berating him and screaming at him seemingly for most actions he took. *Id.*

21. Dey further recounted instances wherein Indovino made racist comments about the inability of the Asian operations to conduct business coherently. *Id.*

22. On or about June 28, 2016 during an encounter between Dey and Indovino, Indovino illustrated her racist beliefs when she exclaimed, "…this explanation is too long and you Indians have no ability to speak in short sentences clearly." *Id.*

23. Indovino criticized Dey on numerous occasions, including over the telephone. Specifically, on or about September 8, 2016, during a call, Indovino's tone toward Dey was hostile, degrading, derogatory, and intimidating. *Id.*

24. At all relevant times complained of herein, Indovino's comments had strong racist overtones. She was openly hostile and critical to any suggestions by the India and Philippines

teams, and categorically shuts down any suggestion by Dey for the India and Philippines teams to assist in resolving issues. *Id.*

25. Indovino made sarcastic comments with racist overtones on calls with the offshore teams, including "I can barely understand what they say." The hostility in her tone was palpable and demeaning during the calls and made Dey uncomfortable as she was directing the hostility to him and his race. *Id.*

26. Indovino continuously stated that she loathes the fact that the delivery centers are in Asia and that this location was the core of the problem. *Id.*

27. Indovino's hostile tone was directed solely at Dey and people of his national origin, race, and/or color, and never at the other United States based employees. Her tone was rude, scathing, and belittling towards Dey. *Id.*

28. In the September 12, 2016, email to Abuhoff, Dey indicated that the work environment was threatening to his family's security in the United States that he feared he would be marginalized and ultimately forced to resign from his job. *Id.*

29. As a direct and proximate result of the stress inflicted upon him by Indovino, Dey suffered a silent heart attack sometime in September of 2016.

30. No one at Innodata, including Abuhoff, took any action to address the concerns of discrimination raised by Dey in his September 12, 2016, email to Abuhoff.

31. On or about November 8, 2016, Dey filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act due to Innodata's workplace practices which discriminated against Dey, a man of Asian race and Indian national origin, on the basis of race and in retaliation for engaging in a protected activity. *See* Exhibit A.

32. The Charge of Discrimination alleged that Dey suffered harassment, and different terms and conditions of employment, including but not limited to increased scrutiny and a change in performance appraisal due to his race, color, and/or national origin. *Id.*

33. On or about November 9, 2016, Dey underwent emergency heart surgery as a result of the stress induced heart attack.

34. After his discharge from the hospital on November 10, 2016, Dey requested a 10-day medical leave for recovery of the heart surgery.

35. Upon his return to work on or about November 20, 2016, Indovino continued her harassment, increased scrutiny and changing in her performance appraisal of Dey.

36. Dey requested that Indovino eliminate and/or reduce her abusive nature towards Dey given that the stress she imposed on him caused his heart attack, yet it was to no avail.

37. On November 30, 2016, Marcia Novero, the Human Resources Director for Defendant, requested that Dey retroactively apply for the medical leave due to his heart surgery and subsequent recovery. *See* Email dated November 30, 2016, attached hereto and incorporated herein as Exhibit D.

38. On or about November 30, 2016, the EEOC Office of Chicago transferred the charge to the EEOC office in New Jersey.

39. Two days after becoming aware of Dey's charge of discrimination, as confirmed by Abuhoff on a call with Dey on December 21, 2016, Innodata unlawfully terminated Dey's employment.

40. The unlawful termination is a direct violation of Title VII, the American with Disabilities Act, the Illinois Human Rights Act, and the Whistleblower Act as the termination

was in retaliation for filing the Charge of Discrimination and for suffering a heart attack and subsequent emergency heart surgery.

## COUNT I
## TITLE VII-DISCRIMINATION BASED ON NATIONAL ORIGIN

41.  Plaintiff re-alleges and incorporate paragraphs 1-40 of this Complaint as though fully set forth herein.

42.  Plaintiff, Anindo Dey, brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991.

43.  Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is incorporated herein and attached hereto as Exhibit E.

44.  Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

45.  Plaintiff is of Asian ethnicity and of Indian origin.

46.  Defendant, Innodata Inc., at all times pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit and was an employer pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

47.  Plaintiff was subjected to discrimination and harassment due to his ancestry.

48.  Similarly situated employees of Defendant who are not of Indian origin have not been and would not be treated in the same offensive manner.

49.  Because similarly situated non-Indian employees of Defendant have not been and were not treated in the same offensive manner, the actions of Defendant to which Plaintiff was subjected amount to disparate treatment based on his national origin and Plaintiff was discriminated against under Title VII.

50. As a result of Innodata's aforementioned discriminatory conduct, Dey has suffered physical injury of a heart attack and heart surgery, injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory and other damages pursuant to 42 U.S.C. § 1981a.

## COUNT II
## TITLE VII-DISCRIMINATION BASED ON RACE AND ETHNICITY

51. Plaintiff re-alleges and incorporate paragraphs 1-50 of this Complaint as though fully set forth herein.

52. Plaintiff is of Asian ethnicity.

53. Plaintiff was subjected to discrimination and harassment due to his Asian ethnicity.

54. Similarly situated employees of Defendant who are not of Asian ethnicity have not been and would not be treated in the same offensive manner.

55. Because similarly situated non-Asian employees of Defendant have not been and were not treated in the same offensive manner, the actions of Defendant to which Plaintiff was subjected amount to disparate treatment based on his race and ethnicity and Plaintiff was discriminated against under Title VII.

56. As a result of Innodata's aforementioned discriminatory conduct, Dey has suffered physical injury of a heart attack and heart surgery, injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory and other damages pursuant to 42 U.S.C. § 1981a.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

57. Plaintiff re-alleges and incorporate paragraphs 1-56 of this Complaint as though fully set forth herein.

58. As a direct and proximate result of ongoing harassment and abuse by Defendant, Plaintiff suffered a heart attack.

59. On or about November 9, 2016, Plaintiff underwent emergency heart surgery.

60. Upon his return to work, on or about November 20, 2016, Plaintiff requested Innodata reduce Dey's contact with Indovino to eliminate and/or reduce the harassment directed towards him. However, neither Innodata nor Indovino honored Dey's request and Indovino continued to badger Dey.

61. Dey's request would have been an effective and reasonable accommodation without posing an undue hardship on Defendant.

62. Defendant knew of Plaintiff's condition, knew that stress aggravates Plaintiff's condition, and knew that Indovino's actions were the direct and proximate cause of Plaintiff's heart attack and subsequent emergency heart surgery.

63. Rather than providing reasonable accommodations to Plaintiff by eliminating and/or reducing contact and/or the abuse, Defendant unlawfully terminated the Plaintiff due to his medical condition.

64. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Dey lost his job, lost wages, lost employment benefits, and had actual damages resulting therefrom, including but not limited to suffering a heart attack, heart surgery, and the

9

type of emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

## COUNT IV
## RETALIATORY DISCHARGE UNDER COMMON LAW

65. Plaintiff re-alleges and incorporate paragraphs 1-64 of this Complaint as though fully set forth herein.

66. At all material times, it was the clearly mandated public policy of the State of Illinois to protect its citizens from retaliatory discharge.

67. Two days after becoming aware of Dey's Charge of Discrimination, Innodata directly violated Title VII by unlawfully terminating Dey's employment in retaliation for filing the Charge of Discrimination.

68. At all times relevant herein, Defendant had the duty to refrain from retaliating against Plaintiff for reasons that violate the clear mandate of public policy in the State of Illinois.

69. Defendant's actions were willful and wanton and in reckless disregard for the lawful rights and interests of Plaintiff.

70. As a direct and proximate result of Defendant's retaliation, Dey lost his job, lost wages, lost employment benefits, and had actual damages resulting therefrom, including but not limited to suffering a heart attack, heart surgery, and the type of emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

## COUNT V
## ILLINOIS HUMAN RIGHTS ACT NATIONAL ORIGIN, RACE, AND/OR COLOR DISCRIMINATION

71. Plaintiff re-alleges and incorporate paragraphs 1-70 of this Complaint as though fully set forth herein.

72. 775 ILCS 5/6-101(A) provides an action for damages in favor of anyone whose rights in employment have been violated due to retaliation against them for asserting rights protected under those statutes.

73. Not until after Dey reported discrimination based on his national origin, race, and/or color to Defendant Innodata's CEO, Abuhoff, did he receive negative evaluations and other adverse employment actions.

74. Two days after becoming aware of Dey's Charge of Discrimination, Dey was unlawfully terminated in violation of the Illinois Human Rights Act.

75. Dey would not have suffered these adverse employment actions but for his reporting of discrimination based on his national origin, race, and/or color.

76. This retaliation for asserting his right to oppose discrimination violated his rights to be free from discrimination on account of national origin, race, and/or color, in violation of 775 ILCS 5/2-102(A).

77. Defendant, by its acts and omissions as pled in this Complaint, discriminated against Dey on the basis of his national origin, race, and/or color in violation of the Illinois Human Rights Act.

78. As a direct and proximate result of Defendant's retaliation, Dey lost his job, lost wages, lost employment benefits, and had actual damages resulting therefrom, including but not limited to suffering a heart attack, heart surgery, and the type of emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against.

## COUNT VI
## VIOLATION OF THE WHISTLEBLOWER ACT, 740 ILCS 174/20

79. Plaintiff re-alleges and incorporate paragraphs 1-78 of this Complaint as though fully set forth herein.

80. Indovino acted within the scope of her express or implied authority on behalf of Defendant, Innodata when committing the acts described herein, and is therefore an "employer" as defined by Section 5 of the Whistleblower Act.

81. As a corporation with one or more employees in Illinois, Defendant is an "employer" as defined by Section 5 of the Whistleblower Act, 740 ILCS 174/5.

82. Plaintiff was employed on a full-time basis by Defendant, and is therefore an "employee" as defined by Section 5 of the Whistleblower Act.

83. Section 10 of the Illinois Whistleblower Act, 740 ILCS 174/10, prohibits an employer from making, adopting, or enforcing any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or Federal law, rule, or regulation.

84. Section 15 of the Illinois Whistleblower Act, 740 ILCS 174/15, prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or Federal law, rule or regulation.

85. Defendant violated Section 10 of the Whistleblower Act by enforcing policies designed to prevent an employee from disclosing unlawful conduct to supervisors and/or government and legislative agencies, including but not limited to, Abuhoff and the EEOC.

86. Defendant also violated Section 15 of Whistleblower Act by retaliating against Plaintiff when it unlawfully terminated Plaintiff on or about December 21, 2016, two days after receiving notice of the EEOC claim.

87. Because Defendant unlawfully discharged Plaintiff for reporting discrimination, Plaintiff has a statutory cause of action against Defendant for violation of 740 ILCS 174/20, the Whistleblower Act.

88. Plaintiff has suffered lost job, lost wages, lost employment benefits, loss of reputation, and had actual damages resulting therefrom, including but not limited to suffering a heart attack, heart surgery, physical distress, and the type of emotional distress people normally suffer when they lose their jobs and/or are discriminated or retaliated against, and other damages as a result of Defendant's acts and omissions.

89. The Whistleblower Act provides that a prevailing employee may obtain "(1) reinstatement with the same seniority status that the employee would have had, but for the violation; (2) back pay, with interest, and (3) compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees." 740 ILCS 174/30.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANINDO DEY, by and through his attorneys, Blaise & Nitschke, P.C., prays this Court enter judgment in favor of Plaintiff and against Defendant, in an amount to be proven at trial and such other relief as the Court deems just, proper, and equitable, including but not limited to compensatory damages, consequential damages, punitive damages, future pecuniary losses, pre-judgment interest, costs and expenses of suit, such reasonable attorneys' fees as the law may permit, and such other and further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all matters so triable.

          Respectfully submitted,
          Plaintiff, Anindo Dey,

By:   /s/ Thomas J. Nitschke
      One of his attorneys

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 28, 2017, he electronically filed the foregoing instrument with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system.

    /s/ Thomas J. Nitschke
    Thomas J. Nitschke

**Blaise & Nitschke, P.C.**
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
tjnitschke@blaisenitschkelaw.com
ARDC No. 6225740